**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERNEST ZACHERY ROGERS, by and through his mother and best friend, LATONIA ROGERS, | ) ) ) |
| Plaintiff, | ) COMPLAINT FOR VIOLATION |
| | ) OF CIVIL RIGHTS AND |
| v. | ) SUPPLEMENTAL STATE |
| | ) CLAIM |
| | ) |
| Chicago Police Officer CECIL COOK, Unknown Number of Unnamed Security Guard Employees of School District 206, GLENN GIANNETTI, RON RAY, FRANK KUZNIEWSKI, JAN KIEDAISCH, and SCHOOL DISTRICT 206, | ) FILED: APRIL 21, 2008 ) 08CV2270         TC ) JUDGE ANDERSEN ) MAGISTRATE JUDGE COLE ) ) **JURY DEMANDED** |
| | ) |
| Defendants. | ) |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Ernest Zachery Rogers ("Ernest") was and now is a citizen of the United States and a student at Bloom Trail High School in School District 206.

4. This action is brought by and through mother and best friend, Latonia Rogers, on behalf of Ernest Zachery Rogers, who is seventeen (17) years of age.

5. At all times herein mentioned, Defendant Cecil Cook ("Cook") was employed by School District 206 as a security guard and was acting under color of state law and as the employee, agent, or representative of School District 206. This Defendant is being sued in his individual/personal capacity.

6. At all times herein mentioned, an Unknown Number of Unnamed Security Guards ("Unknown Security Guards") were employed by School District 206 and were acting under color of state law and as the employees, agents, or representatives of School District 206. These Defendants are being sued in their individual/personal capacity.

7. At all times herein mentioned, Defendant School District 206, within which Bloom Trail High School resides, was and is a public entity acting under color of law and located within the Eastern District of Illinois.

8. Plaintiff is informed and believes and alleges thereon that Defendant Glenn Giannetti ("Giannetti") is the superintendant of School District 206, that at all times herein mentioned he acted under color of law, and that as superintendant he had final decision-making authority over the decisions relevant as set forth below. This Defendant is being sued in his individual/personal capacity.

9. Plaintiff is informed and believes and alleges thereon that Defendant Ron Ray ("Ray") is the principal of Bloom Trail High School, that at all times herein mentioned he acted under color of law, and that as principal he had final decision-making authority over the decisions relevant as set forth below. This Defendant is being sued in his individual/personal capacity.

10. Plaintiff is informed and believes and alleges thereon that Defendant Frank Kuzniewski ("Kuzniewski") is the assistant principal of Bloom Trail High School, that he has

responsibilities concerning discipline of students, that at all times herein mentioned he acted under color of law, and that as assistant principal of discipline he had final decision-making authority over the decisions relevant as set forth below.  This Defendant is being sued in his individual/personal capacity.

11. Plaintiff is informed and believes and alleges thereon that Defendant Jan Kiedaisch ("Kiedaisch") is the dean of students of Bloom Trail High School, that she has responsibilities concerning discipline of students, that at all times herein mentioned she acted under color of law, and that as dean of students for discipline she had final decision-making authority over the decisions relevant as set forth below.  This Defendant is being sued in her individual/personal capacity.

**FACTUAL ALLEGATIONS**

12. On February 7, 2008, Plaintiff was at Bloom Trail High School, 22331 Cottage Grove Avenue, Chicago Heights, Illinois 60411.

13. At that place and date, Plaintiff was in the hallway of the high school where a fight between two students had been broken up.  Plaintiff was not one of the students who had been fighting.

14. At that place and date, Defendant Cook subjected Plaintiff to unnecessary and unreasonable force.

15. Defendant Cook pushed Plaintiff through a glass door.

16. Plaintiff in no way consented to this conduct.

17. Plaintiff suffered physical injuries as a result of being pushed through a glass door and as a result of being subjected to unnecessary and unreasonable force.

18. Plaintiff is informed and believes and alleges thereon that on at least two prior occasions Defendant Cook pushed a student through a glass door.

19. Plaintiff is informed and believes and alleges thereon that on at least one prior occasion Defendant Cook attempted to strangle a student who was restrained in handcuffs.

20. Prior to February 7, 2008, Defendant District 206 was aware of Defendant Cook's prior conduct as described in paragraphs 18-19, *supra*.

21. Defendants Cook and the Unknown Security Guards handcuffed, detained, and arrested Plaintiff.

22. Defendants Cook and the Unknown Security Guards then took Plaintiff to the Principal's office, where Plaintiff remained restrained and detained by all of the Defendant security guards. At that time, Defendant Cook also made threats against Plaintiff.

23. Plaintiff was physically restrained and unable to leave the confines of the Principal's office.

24. There was no legal cause to seize Plaintiff.

25. Plaintiff did not consent to being seized.

26. The Steger Police Department reported to the scene and drafted a report.

27. The Steger police did not arrest Plaintiff.

28. At the request of the Steger Police, Plaintiff was subsequently taken to the hospital in an ambulance to treat his injuries and did in fact receive medical treatment at the hospital.

29. Plaintiff was suspended from school for five days for alleged insubordination.

30. Plaintiff was not afforded a hearing and/or an opportunity to be heard, informal or otherwise, prior or subsequent to the issuance of his suspension.

31. There was not sufficient evidence to support Plaintiff's suspension.

32. Plaintiff is informed and believes and alleges thereon that Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch were responsible for Plaintiff receiving a suspension.

33. Plaintiff is informed and believes and alleges thereon that Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch failed to afford Plaintiff a hearing and/or an opportunity to be heard, informal or otherwise, prior to issuing the suspension to Plaintiff.

34. Plaintiff is informed and believes and alleges thereon that Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch failed to allow Plaintiff to view the existing video footage of the incident, which includes footage of Defendant Cook pushing Plaintiff through the glass door and of Plaintiff's alleged conduct that resulted in his suspension.

35. Plaintiff served his suspension. Upon returning to School, Defendants Ray, Kuzniewski, and Kiedaisch forced Plaintiff to sign a behavior contract.

36. Plaintiff's parents were not present when Plaintiff was forced to sign the behavior contract.

37. Prior to Plaintiff's return to school Plaintiff's mother informed Defendants Ray, Kuzniewski, and Kiedaisch that she refused to sign and refused to allow her son to sign the behavior contract because she was contesting the suspension.

38. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

39. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights

and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

40. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

### Plaintiff Against Defendant Cook for Excessive Force

41. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

42. By reason of Defendant Cook's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

43. The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force. Therefore Defendant Cook is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

### Plaintiff Against Defendants Cook and the Unknown Security Guards for False Arrest

44. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

45. By reason of Defendant Cook's and the Unknown Security Guard's conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

46. The arrest of Plaintiff was caused by Defendants Cook and the Unknown Security Guards without probable cause and was unreasonable.  Therefore, Defendants Cook and the Unknown Security Guards are liable for this arrest under 42 U.S.C. § 1983.

## COUNT III

### Plaintiff Against Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch for Violation of His Due Process Rights

47. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

48. Plaintiff has the right to a free public education.

49. Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch, individually and/or in their official capacities arbitrarily and capriciously denied Plaintiff his procedural and substantive due process rights by suspending Plaintiff from school without notice, without the opportunity to be heard, and without any reasonable basis.

50. As a result of the foregoing, Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch are liable to Plaintiff under 42 U.S.C. §1983.

## COUNT IV

### Plaintiff Against Defendants Cook and School District 206 for the State Supplemental Claim of Assault and Battery, and Willful and Wanton Conduct

51. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

52. Defendant Cook acted intentionally, and willfully and wantonly, in the assault and battery, and causing of emotional distress to Plaintiff.

53. All of the above was done without legal cause.

54. As a result of the foregoing, Plaintiff was injured as set forth above.

55. Defendant School District 206, pursuant to the principle of *respondeat superior*, is responsible for the wrongful conduct of its employee as alleged above.

56. Therefore, Defendant Cook and Defendant School District 206 are liable to Plaintiff for assault and battery and willful and wanton conduct.

## COUNT V

### Plaintiff against Defendants Cook, the Unknown Security Guards, and School District 206 for False Imprisonment

57. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

58. Defendants Cook and the Unknown Security Guards, in their capacity as employees of Defendant School District 206, acted intentionally in causing Plaintiff to be unlawfully detained in the principal's office of Bloom Town High School.

59. Plaintiff was handcuffed, confined, and unable to leave the confines of the principal's office.

60. Plaintiff was also threatened while physically restrained.

61. Defendant Cook's and the Unknown Security Guard's detention and confinement of Plaintiff was not based on a legal or reasonable belief that Plaintiff had committed any criminal act.

62. The detention and confinement of Plaintiff was an unreasonable restraint on Plaintiff's liberty and against Plaintiff's will. The detention and confinement was willful and wanton and done with deliberate indifference to the lack of any legal cause to detain Plaintiff.

63. On the basis of this false imprisonment, Plaintiff was injured emotionally and otherwise from the loss of his liberty.

64. Defendant School District 206 is liable to Plaintiff for the acts of Defendants Cook and the Unknown Security Guards, pursuant to the doctrine of *respondeat superior.*

65. Therefore, Defendants Cook, the Unknown Security Guards, and School District 206 are liable to Plaintiff under the state supplemental claim of false imprisonment

## COUNT VI

### Plaintiff against Defendants Cook, the Unknown Security Guards, and School District 206 for False Arrest

66. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

67. Defendants Cook and the Unknown Security Guards, in their capacity as employees of Defendant School District 206, acted intentionally in unlawfully arresting Plaintiff.

68. Defendants Cook and the Unknown Security Guards handcuffed, arrested, and detained Plaintiff in the confines of the principal's office.

69. Defendants Cook's and the Unknown Security Guard's detention and arrest of Plaintiff was not based on a legal or reasonable belief that Plaintiff had committed any criminal act.

70. The arrest and detention of Plaintiff was an unreasonable restraint on Plaintiff's liberty and against Plaintiff's will. The arrest and detention was willful and wanton and done with deliberate indifference to the lack of any legal cause to arrest and detain Plaintiff.

71. On the basis of this false arrest, Plaintiff was injured emotionally and otherwise from the loss of his liberty.

72. Defendant School District 206 is liable to Plaintiff for the acts of Defendants Cook and the Unknown Security Guards, pursuant to the doctrine of *respondeat superior*.

73. Therefore, Defendants Cook, the Unknown Security Guards, and School District 206 are liable to Plaintiff under the state supplemental claim of false imprisonment.

## COUNT VII

**Plaintiff Against Defendant School District 206 for Negligent Retention and Supervision**

74. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

75. At all relevant times, School District 206 owed a duty to Plaintiff to provide for his safety while located at Bloom Trail High School.

76. At all relevant times, School District 206 had a duty to control security guards acting within the scope of their employment from intentionally harming or creating an unreasonable risk of harm to students.

77. Prior to the date of the incident described above, Defendant Cook had pushed other students through a glass door on at least two prior occasions and had attempted to strangle a student restrained in handcuffs on at least one prior occasion.

78. Defendant School District 206 was aware of the use of force by Defendant Cook against students prior to February 7, 2008.

79. Defendant Cook's use of force against students created unfitness for the position of school security guard that created a foreseeable danger to other students.

80. Despite its knowledge of Defendant Cook's unfitness to be a security guard and Defendant Cook's foreseeable danger to the student body, Defendant School District 206 retained Defendant Cook as a security guard and failed to properly supervise Defendant Cook to ensure that he was not a harm to students.

81. Defendant Cook's unfitness to be a security guard, known history of use of unnecessary force on students, and his foreseeable danger to the student body, was a direct and proximate cause of Plaintiff's injuries.

82. Defendant School District 206's retention and failure to supervise Defendant Cook, a known harm to the student body, was a direct and proximate cause of Plaintiff's injuries.

WHEREFORE, the Plaintiff Ernest Zachery Rogers, by and through his mother and best friend, Latonia Rogers, and by and through his attorneys, Ed Fox & Associates, requests judgment as follows against the Defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiff special damages;

3. That Defendants, except the School District 206, be required to pay Plaintiff attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal access to Justice Act, or any other applicable provision;

4. That Defendants, except School District 206, be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem proper.

- 12 -

                    Respectfully Submitted,

                s/<u>Meghan A. Gonnissen</u>
                  Meghan A. Gonnissen
                  Ed Fox & Associates
                  300 West Adams, Suite 330
                  Chicago, IL 60606
                  (312) 345-8877
                  mgonnissen@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

   s/<u>Meghan A. Gonnissen</u>
Meghan A. Gonnissen
Ed Fox & Associates
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
mgonnissen@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**