IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST ZACHARY ROGERS, by and through his mother and best friend, LATONIA ROGERS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 2270 |
| Chicago Police Officer CECIL COOK, Unknown Number of Unnamed Security Guard Employees of School District 206, GLENN GIANNETTI, RON RAY, FRANK KUZNIEWSKI, JAN KIEDAISCH SCHOOL DISTRICT 206, | ) ) ) ) ) ) ) | Judge Andersen Magistrate Judge Cole |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

NOW COME Defendants, CECIL COOK, GLENN GIANNETTI, RON RAY, FRANK KUZNIEWSKI, JAN KIEDAISCH and SCHOOL DISTRICT 206, by and through their attorneys, HAUSER, IZZO, DeTELLA & PETRARCA, LLC, to present their Answer to Complaint for Violation of Civil Rights and Supplemental State Claims. Defendants answer as follows

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This Court has jurisdiction under and by virtue of 28 U.S.C. Section 1343, 1331, and 1367.

**ANSWER:**   Defendants admit the allegations contained in this paragraph.

2.      Venue if founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

1

**ANSWER:    Defendants admit that venue is proper before this Court pursuant to 28 U.S.C. §1391.  Defendants deny that the acts complained of occurred in the manner described by Plaintiff.**

3.    At all times herein mentioned, Plaintiff Ernest Zachery Rogers ("Ernest") was and now is a citizen of the United State and a student at Bloom Trail High School in School District 206.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

4.    This action is brought by and through mother and best friend, Latonia Rogers, on behalf of Ernest Zachery Rogers, who is seventeen (17) years of age.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

5.    At all times herein mentioned, Defendant Cecil Cook ("Cook") was employed by School District 206 as a security guard and was acting under color of state law and as the employee, agent, or representative of School District 206.  This Defendant is being sued in his individual/personal capacity.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

6.    At all times herein mentioned, an Unknown Number of Unnamed Security Guards ("Unknown Security Guards") were employed by School District 206 and were acting under color of state law and as the employees, agents, or representatives of School District 206.  These Defendants are being sued in their individual/personal capacity.

**ANSWER:    Defendants admit that there were other security guards employed in School District 206.  Defendants deny the remaining allegations contained in this paragraph.**

7.    At all times herein mentioned, Defendant School District 206, within which Bloom Trail High School resides, was and is a public entity acting under color of law and located within the Eastern District of Illinois.

**ANSWER:   Defendants admit that the Board of Education of Bloom Township High School District 206 is a duly elected board of education which controls and operates Bloom Trail High School.  Defendants admit that Bloom Trail High School is located within the residential boundaries of the Eastern District of Illinois.  Defendants deny the remaining allegations contained in this paragraph.**

8.    Plaintiff is informed and believes and alleges thereon that Defendant Glenn Giannetti ("Giannetti') is the superintendent of School District 206, that at all times herein mentioned he acted under color of law, and that as superintendent he had final decision-making authority over the decisions relevant as set forth below.  This Defendant is being sued in his individual/personal capacity.

**ANSWER:   Defendants admit that Glenn Giannetti is the Superintendent of Bloom Township High School District 206.  Defendants admit that Mr. Giannetti is being sued in his individual/personal capacity.  Defendants deny the remaining allegations contained in this paragraph.**

9.    Plaintiff is informed and believes and alleges thereon that Defendant Ron Ray ("Ray") is the principal of Bloom Trail High School, that at all times herein mentioned he acted under color of law, and that as principal he had final decision-making authority over the decisions relevant as set forth below.  This Defendant is being sued in his individual/personal capacity.

**ANSWER:   Defendants admit that Ron Ray is the Principal of Bloom Trail High School.  Defendants admit that Mr. Ray is being sued in his individual/personal capacity.  Defendants admit that Mr. Ray was acting under the color of state law.  Defendants deny the remaining allegations contained in this paragraph.**

10.     Plaintiff is informed and believes and alleges thereon that Defendant Frank Kuzniewski ("Kuzniewski") is the assistant principal of Bloom Trail High School, that he has responsibilities concerning discipline of students, that at all times herein mentioned he acted under color of law, and that as assistant principal of discipline he had final decision-making authority over the decisions relevant as set forth below.  This Defendant is being sued in his individual/personal capacity.

**ANSWER:    Defendants admit that Frank Kuzniewski is the assistant principal of Bloom Trail High School.  Defendants admit that Mr. Kuzniewski can be involved in matters concerning the discipline of students.  Defendants admit that Mr. Kuzniewski is being sued in his individual/personal capacity.  Defendants deny the remaining allegations contained in this paragraph.**

11.     Plaintiff is informed and believes and alleges thereon that Defendant Jan Kiedaisch ("Kiedaisch") is the dean of students of Bloom Trail High School, that she has responsibilities concerning discipline of students, that at all times herein mentioned she acted under color of law, and that as dean of student for discipline she had final decision-making authority over the decisions relevant as set forth below.  This Defendant is being sued in her individual/personal capacity.

**ANSWER:    Defendants admit that Jan Kiedaisch is the dean of students at Bloom Trail High School.  Defendants admit that she has responsibilities concerning the discipline of students.  Defendants admit that she is being sued in her individual/personal capacity.  Defendants admit that she was acting under the color of state law.  Defendants deny the remaining allegations contained in this paragraph.**

12. On February 7, 2008, Plaintiff was at Bloom Trail High School, 22331 Cottage Grove Avenue, Chicago Heights, Illinois 60411.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

13. At that place and date, Plaintiff was in the hallway of the high school where a fight between two students had been broken up. Plaintiff was not one of the students who had been fighting.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

14. At that place and date, Defendant Cook subjected Plaintiff to unnecessary and unreasonable force.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

15. Defendant Cook pushed Plaintiff through a glass door.

**ANSWER:** **Defendants admit that Mr. Cook pushed Plaintiff. Defendants deny the remaining allegations contained in this paragraph.**

16. Plaintiff in no way consented to this conduct.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

17. Plaintiff suffered physical injuries as a result of being pushed through a glass door and as a result of being subjected to unnecessary and unreasonable force.

**ANSWER:** **Defendants admit that Plaintiff suffered physical injuries. Defendants deny the remaining allegations contained in this paragraph.**

18. Plaintiff is informed and believes and alleges thereon that on at least two prior occasions Defendant Cook pushed a student through a glass door.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

19. Plaintiff is informed and believes and alleges thereon that on at least one prior occasion Defendant Cook attempted to strangle a student who as restrained in handcuffs.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

20. Prior to February 7, 2008, Defendant District 206 was aware of Defendant Cook's prior conduct as described in paragraphs 18-19, *supra*.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

21. Defendants Cook and the Unknown Security Guards handcuffed, detained, and arrested Plaintiff.

**ANSWER:    Defendants admit that Plaintiff was handcuffed and taken to the dean's office by security personnel.  Defendants deny that Plaintiff was arrested.  Defendants deny that Mr. Cook handcuffed or detained Plaintiff.**

22. Defendants Cook and the Unknown Security Guards then took Plaintiff to the Principal's office, where Plaintiff remained restrained and detained by all of the Defendant security guards. At that time, Defendant Cook also made threats against Plaintiff.

**ANSWER:    Defendants admit that Plaintiff was taken to the dean's office by security personnel.  Defendants admit that Plaintiff was handcuffed in the dean's office. Defendants deny the remaining allegations contained in this paragraph.**

23. Plaintiff was physically restrained and unable to leave the confines of the Principal's office.

**ANSWER:    Defendants admit that Plaintiff was handcuffed in the dean's office. Defendants deny the remaining allegations contained in this paragraph.**

24. There was no legal cause to seize Plaintiff.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

6

25.     Plaintiff did not consent to being seized.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

26.     The Steger Police Department reported to the scene and drafted a report.

**ANSWER:     Defendants admit that the Steger Police Department drafted a report regarding Plaintiff.  Defendants deny the remaining allegations contained in this paragraph.**

27.     The Steger police did not arrest Plaintiff.

**ANSWER:     Defendants admit the allegations contained in this paragraph.**

28.     At the request of the Steger Police, Plaintiff was subsequently taken to the hospital in an ambulance to treat his injuries and did in fact receive medical treatment at the hospital.

**ANSWER:     Defendants admit that Plaintiff was taken to the hospital in an ambulance due to his injury.  Defendants are without sufficient knowledge of whether Plaintiff obtained medical treatment at the hospital and, therefore, deny the same.  Defendants deny that Plaintiff was taken to the hospital at the request of the Steger Police Department.**

29.     Plaintiff was suspended from school for five days for alleged insubordination.

**ANSWER:     Defendants admit that Plaintiff was suspended from school for five days. Defendants deny the remaining allegations contained in this paragraph.**

30.     Plaintiff was not afforded a hearing and/or an opportunity to be heard, informal or otherwise, prior or subsequent to the issuance of his suspension.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

31.     There was not sufficient evidence to support Plaintiff's suspension.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

32. Plaintiff is informed and believes and alleges thereon that Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch were responsible for Plaintiff receiving a suspension.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

33. Plaintiff is informed and believes and alleges thereon that Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch failed to afford Plaintiff a hearing and/or an opportunity to be heard, informal or otherwise, prior to issuing the suspension to Plaintiff.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

34. Plaintiff is informed and believes and alleges thereon that Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch failed to allow Plaintiff to view the existing video footage of the incident, which includes footage of Defendant Cook pushing Plaintiff through the glass door and of Plaintiff's alleged conduct that resulted in his suspension.

**ANSWER:** **Defendants admit that Plaintiff was not permitted to view video footage of the incident. Defendants deny that Plaintiff was pushed through a glass door. Defendants deny that the decision to not permit the viewing of the videotape involved Mr. Giannetti, Mr. Ray or Ms. Kiedaisch. Defendants admit that Mr. Kuzniewski would not permit Plaintiff to view the video tape because it is a student record protected by the Illinois School Student Records Act, 105 ILCS 10/1 *et seq.***

35. Plaintiff served his suspension. Upon returning to School, Defendants Ray, Kuzniewski, and Kiedaisch forced Plaintiff to sign a behavior contract.

**ANSWER:** **Defendants admit that Plaintiff served his suspension. Defendants deny that Plaintiff was forced to sign a behavior contract. Defendants admit that Plaintiff signed a behavior contract.**

36.     Plaintiff's parents were not present when Plaintiff was forced to sign the behavior contract.

**ANSWER:    Defendants admit that Plaintiff's parents were not present when he signed the behavior contract. Defendants deny the remaining allegations contained in this paragraph.**

37.     Prior to Plaintiff's return to school Plaintiff's mother informed Defendants Ray, Kuzniewski, and Kiedaisch that she refused to sign and refused to allow her son to sign the behavior contract because she was contesting the suspension.

**ANSWER:    Defendants admit the allegations contained in this paragraph.**

38.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

39.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify to the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

40.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

## COUNT I

### Plaintiff Against Defendant Cook for Excessive Force

41.  Plaintiff hereby incorporates and re-alleges paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

**ANSWER:** **Defendants restate and incorporate their responses to paragraphs (1) through forty (40) as if fully set forth herein.**

42.  By reason of Defendant Cook's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United State and laws enacted thereunder.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

43.  The violence inflicted upon Plaintiff was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment Rights.  Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force.  Therefore Defendant Cook is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

## COUNT II

### Plaintiff Against Defendants Cook and the Unknown Security Guards for False Arrest

44.  Plaintiff hereby incorporates and re-alleges paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

**ANSWER:** **Defendants restate and incorporate their responses to paragraphs (1) through forty (40) as if fully set forth herein.**

45.     By reason of Defendant Cook's and the Unknown Security Guard's conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

46.     The arrest of Plaintiff was caused by Defendants Cook and the Unknown Security Guards without probable cause and was unreasonable.  Therefore, Defendants Cook and the Unknown Security Guards without probable cause and was unreasonable.  Therefore, Defendants Cook and the Unknown Security Guards are liable for this arrest under 45 U.S.C. § 1983.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

## COUNT III

### Plaintiff Against Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch for Violation of His Due Process Rights

47.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

**ANSWER:    Defendants restate and incorporate their responses to paragraphs (1) through forty (40) as if fully set forth herein.**

48.     Plaintiff has the right to a free public education.

**ANSWER:    Defendants admit that Plaintiff has a property interest in receiving a free public education.  Defendants deny the remaining allegations contained in this paragraph.**

49.     Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch, individually and/or in their official capacities arbitrarily and capriciously denied Plaintiff his procedural and substantive due

11

process rights by suspending Plaintiff from school without notice, without the opportunity to be heard, and without any reasonable basis.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

50.    As a result of the foregoing, Defendants Giannetti, Ray, Kuzniewski, and Kiedaisch are liable to Plaintiff under 42 U.S.C. § 1983.

**ANSWER:    Defendants deny the allegations contained in this paragraph.**

    Respectfully submitted,

    CECIL COOK, GLENN GIANNETTI
    RON RAY, FRANK KUZNIEWSKI, JAN
    KIEDAISCH and SCHOOL DISTRICT 206

    By:    /s/ William F. Gleason
           WILLIAM F. GLEASON

CHRISTOPHER L. PETRARCA
WILLIAM F. GLEASON
HAUSER, IZZO, DeTELLA & PETRARCA, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708)799-6766

## AFFIRMATIVE DEFENSES

1.　　Plaintiff was insubordinate, disruptive and attempted to attack several security guards employed by the school.

2.　　The force used to remove Plaintiff from the scene of a disturbance was reasonable and necessary under the facts presented to Mr. Cook.

3.　　Plaintiff was not seized within the meaning of the Fourth Amendment by Mr. Cook and, accordingly, he could not have been subject to excessive force.

4.　　The detention of Plaintiff by the security officers in the high school was reasonable under the circumstances then existing and apparent due to Plaintiff's provocative and disruptive behavior.

5.　　The Board of Education has adopted rules prohibiting the types of behavior displayed by Plaintiff on February 7, 2008.

6.　　Plaintiff was made aware of the rules through his receipt of a student handbook.

7.　　Plaintiff was informed of the reason for his discipline and given an opportunity to speak on his behalf with regard to the reasons for discipline.

8.　　Plaintiff's mother spoke to several administrators regarding his suspension prior to the suspension going into effect.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　CECIL COOK, GLENN GIANNETTI
　　　　　　　　　　　　　　　　　　　　RON RAY, FRANK KUZNIEWSKI, JAN
　　　　　　　　　　　　　　　　　　　　KIEDAISCH and SCHOOL DISTRICT 206

　　　　　　　　　　　　　　　　By:　　/s/ William F. Gleason
　　　　　　　　　　　　　　　　　　　　WILLIAM F. GLEASON

CHRISTOPHER L. PETRARCA
WILLIAM F. GLEASON
HAUSER, IZZO, DeTELLA & PETRARCA, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708)799-6766

5G:\DISTRICTS\SD2\SD206C\Rogers\AnswertoComplaint.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNEST ZACHARY ROGERS, by and through his mother and best friend, LATONIA ROGERS, <br><br> Plaintiffs, <br><br> v. <br><br> Chicago Police Officer CECIL COOK, Unknown Number of Unnamed Security Guard Employees of School District 206, GLENN GIANNETTI, RON RAY, FRANK KUZNIEWSKI, JAN KIEDAISCH SCHOOL DISTRICT 206, <br><br> Defendants. | Case No. 08 C 2270 <br><br> Judge Andersen |

## NOTICE OF FILING

To:   Meghan Gonnissen
      Ed Fox & Associates
      300 W. Adams, Suite 330
      Chicago, IL 60606

   PLEASE TAKE NOTICE that I caused a copy of Defendants' Answer to Complaint to be filed with the Clerk of the United States District Court for the Northern District of Illinois – Eastern Division on July 24, 2008.

                                          /s/ William F. Gleason
                                          WILLIAM F. GLEASON

## **CERTIFICATE OF SERVICE**

      I, WILLIAM F. GLEASON, certify that a copy of this Notice and the document referred to therein was served upon the above listed party via email through the Case Management/Electronic Case Filing System in accordance with Local Rule 5.9 on July 25, 2008.

                                                                  /s/ William F. Gleason
                                                                  WILLIAM F. GLEASON

CHRISTOPHER L. PETRARCA
WILLIAM F. GLEASON
HAUSER, IZZO, DeTELLA & PETRARCA, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708)799-6766
5G:\DISTRICTS\SD2\SD206C\Rogers\nof.cs.1.doc