IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST ZACHARY ROGERS, by and through his mother and best friend, LATONIA ROGERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 2270 |
| Chicago Police Officer CECIL COOK, Unknown Number of Unnamed Security Guard Employees of School District 206, GLENN GIANNETTI, RON RAY, FRANK KUZNIEWSKI, JAN KIEDAISCH, and SCHOOL DISTRICT 206, | ) ) ) ) ) ) ) | Judge Andersen |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants, BOARD OF EDUCATION OF BLOOM TOWNSHIP HIGH SCHOOL DISTRICT 206 and CECIL COOK, by and through their attorneys, HAUSER, IZZO, DeTELLA & PETRARCA, LLC, pursuant to Federal Rule of Civil Procedure 12(b)(6) to present its Motion to Dismiss. In support of its Motion, Defendants state as follows:

### BACKGROUND

Plaintiff filed a seven count complaint against numerous Defendants alleging the following: (1) violation of 42 U.S.C. §1983 for being subjected to excessive force, (2) violation of his Fourth Amendment rights for being unlawfully seized, (3) violations of his Fourteenth Amendment Due Process rights, (4) assault and battery/willful wanton conduct, (5) false imprisonment, (6) false arrest, and (7) negligent retention and supervision. The entire complaint revolves around Plaintiff's interactions with Cecil Cook, a school security guard, and other security guards of the Defendant Board of

1

Education of Bloom Township High School District 206, hereinafter "the District".

Moreover, Plaintiff makes additional allegations regarding the disciplinary actions taken

against him after his interactions with Mr. Cook and the other security officers.

Defendants move to dismiss Counts Four (assault and battery/willful and wanton

conduct), Five (false imprisonment), Six (false arrest) and Seven (negligent

retention/negligent supervision) for the reasons stated below.  Defendants also move to

dismiss Counts II, V and VI as they relate to unnamed unknown security guards.

## ARGUMENT

A.    *Standard of Review*

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the

complaint.  *General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080

(7th Cir. 1997).  In ruling on a motion to dismiss, a court accepts as true all well-pleaded

facts alleged in the complaint and draws all reasonable inferences from those facts in

favor of the plaintiff.  *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002).  Nevertheless, the

Court is not required to ignore any facts set forth in the complaint that undermine the

plaintiff's claim.  *LeBlang Motors v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir.

1998).

B.    *Count VII should be dismissed because Defendants have immunity pursuant to the*
      *Local Governmental and Local Governmental Employees Tort Immunity Act.*

1.    Negligent Retention

A claim for negligent retention is defective against the Board of Education

because it is immune from liability pursuant to Section 2-201 of the Local Governmental

and  Governmental  Employees  Tort  Immunity  Act  (745  ILCS  10/2-201).

A public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. A board of education is a local public entity pursuant to the Tort Immunity Act. 745 ILCS 10/1-206. An employee, pursuant to the Tort Immunity Act, includes members of the board and employees. 745 ILCS 10/1-202. Accordingly, Section 2-201 of the Tort Immunity Act applies to the members of the board of education, teachers and administrators of the school district.

An action for negligent retention of an employee requires the plaintiff to plead and prove (1) that the employer knew or should have known that the employee had a particular unfitness for the positions so as to create a danger of harm to third persons, (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention and (3) that this particular unfitness proximately caused the plaintiff's injury. *Van Horne v. Muller*, 185 Ill.2d 299, 311, 705 N.E.2d 898, 904 (Ill. 1998). The determination of whether or not an employee should have been retained or discharged is a prima facie part of whether or not a viable claim for negligent retention exists. *Id.* at 902.

Section 2-201 provides immunity for an injury which results from a public employee's act or omission that was both an exercise of discretion and a policy determination. *Harinek v. 161 North Clark St. Ltd. Partnership*, 181 Ill.2d 335, 341, 692 N.E.2d 1177 (Ill. 1998). This immunity also extends to a local public entity, as the entity is not liable for an employee's actions when the employee is immune. *Kevin's Towing Inc. v. Thomas*, 351 Ill.App.3d 540, 545, 814 N.E.2d 1003, 1007 (2nd Dist. 2004). The

3

performance of discretionary duties cannot subject a municipality to tort liability. *Id. at* 548, 1009. Section 2-201 immunity is an absolute immunity and there is no exception for willful and wanton conduct. *Barnes v. Chicago Housing Authority*, 326 Ill.App.3d 710, 719-720, 761 N.E.2d 283, 290 (1st Dist. 2001).

      a.    <u>The decision to discharge an employee is discretionary.</u>

Discretionary duties are those which are unique to a particular public office whereas ministerial acts are those which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act. *Id.* Pursuant to Section 10-23.5 of the *Illinois School Code,* only the Board of Education can hire or discharge non-certificated personnel, such as a security guard. 105 ILCS 5/10-22.34. Whether grounds for dismissal are present is a question of fact that initially rests with the board of education. *Fadler v. ISBE*, 153 Ill.App.3d 1024, 1027, 506 N.E.2d 640, 643 (5th Dist. 1987). As such, deciding whether to terminate an employee involves the discretion of the board of education in determining whether the facts available to it warrant discharge under the law and pursuant to the board's inherent discretion.

      b.    <u>The decision to discharge an employee is a policy decision.</u>

The decision to retain or dismiss an employee is also a policy decision. Policy decisions are those that require the public entity or employee to balance competing interests and to make a judgment call as to what solution will best serve each of those interests. *Harinek*, 181 Ill.2d at 342, 692 N.E.2d at 1181. Illinois courts have applied this definition to a wide range of situations. *See Harinek*, 181 Ill.2d 335, 692 N.E.2d 1177(Fire Marshall made a policy decision when instructing an individual to stand near a

door during a fire drill because he balances the fire department's time and resources including the interests of efficiency and safety.); *Courson v. Danville School District No. 118*, 333 Ill.App.3d 86, 91, 775 N.E.2d 1022 (4th Dist. 2002)(Teacher decision to remove safety shield was a policy determination because he balanced the various interests that competed for the class's time and resources including the interests of efficiency and safety.)  *Wrobel v. City of Chicago*, 318 Ill.App.3d 390, 395 (2000)(Workers filling potholes); *Harrison v. Hardin County Community Unit School District No. 1*, 197 Ill.2d 466, 479 (Ill. 2001)(Principal refusal to permit student to leave early).

In this case, the Board of Education was required to balance the competing interests of the safety of students, staff, whether any information it had warranted discharge, the likelihood of success of a dismissal action against Mr. Cook, whether the facts known were irremediable requiring immediate removal from the school or whether he should be given a less punitive sanction.  Decisions by municipal employers about how to best allocate resources and go about providing services, including the selection of employees who will provide those services for the benefit of the public should not be unduly controlled by the threat of a tort judgment.  *Cross v. City of Chicago*, 352 Ill.App.3d 1, 7, 815 N.E.2d 956, 961 (1st Dist. 2004).

Therefore, the Board of Education cannot be liable for a claim of negligent retention because its determination regarding who to retain is a discretionary policy decision.  Since the decision to retain is a discretionary policy decision, the Board of Education is absolutely immune from liability pursuant to Section 2-201 of the Tort Immunity Act.  745 ILCS 10/2-201.

2.      Negligent Supervision

A claim for negligent supervision is defective against a unit of local government or its employees because such a claim is barred by Section 3-108 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/3-108). Neither a local public entity nor a public employee who undertakes to supervise an activity on or the use of any public property is liable for an injury unless the local public entity or public employee is guilty of willful and wanton conduct in its supervision proximately causing such an injury.  745 ILCS 10/3-108.

In this case, Plaintiff only alleges that the Defendants' conduct was negligent. Accordingly, Defendants are immune from damages under a claim for negligent supervision pursuant to Section 3-108 of the Tort Immunity.

C.      *Count V should be dismissed because the Defendants have immunity and could not falsely imprison Plaintiff as a matter of law.*

1.      The decision to detain Plaintiff in the Principal's office was a discretionary policy decision of the Defendants.

The decision to place Plaintiff in the Principal's office was a policy decision.  A policy decision, as stated above, requires the employees to balance the competing interests and to make a judgment call as to what solution will best serve each of those interests.  *Harinek,* 181 Ill.2d at 342.  The Illinois Appellate Court has determined it is a policy decision where a school employee dealing with a disciplinary matter is required to balance competing interests of the concerns of the students, the impact of his decision and the safety of students involved.  *Albers v. Breen,* 346 Ill.App.3d 799, 808 (4th Dist. 2004).  In *Albers,* the Illinois Appellate Court affirmed the trial court's dismissal of a

complaint alleging that a principal had improperly disclosed confidential student information which caused psychological harm. *Id.* The Court determined that the disclosure was a policy decision because the Principal was weighing the safety concerns of all students against the privacy concerns of one student. *Id.*

The complaint at bar states that Plaintiff was in a hallway where a fight between two students was broken up. (Comp. ¶13). Plaintiff was a student at the high school and the Defendants were security officers of the District. (Comp. ¶3, 5, 6).

Clearly, the Defendants were making a policy decision regarding where to take Plaintiff after a disturbance. This decision required the school personnel to balance the interests of Plaintiff and the safety of staff and other students present. The balance of these interests makes Defendants' decision a policy decision as defined under state law.

Moreover, the decision of the Defendants was discretionary. As previously stated, discretionary acts are defined by the contrast with ministerial acts which a person performs in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act. *Snyder v. Curran Township*, 167 Ill.2d 466, 474 (Ill. 1995). In this case, there were no legal mandates which dictate when a student should be taken to the Principal's office and when they should be merely spoken to at the scene of an incident. Rather, it is within the individual staff members discretion as to how each decision must be made based upon the incident in question. Since the decision to remove Plaintiff to the Principal's office was a discretionary policy decision, the Defendants have whole immunity pursuant to Section 2-201 of the Tort Immunity Act. 745 ILCS 10/2-201. Therefore, Count V should be dismissed as a matter of law.

2.    <u>Plaintiff cannot establish the necessary elements of false imprisonment because he was not unlawfully detained</u>.

False imprisonment is an unreasonable restraint of an individual's liberty, against his will, caused or procured by the defendant. *Meerbrey v. Marshall Field and Co.,* 139 Ill.2d 455, 465 (Ill. 1990). An unlawful detention, restraint or confinement is required to establish a cause of action for false imprisonment. *Martin v. Lincoln Park West Corp.*, 219 F.2d 622, 624 (7th Cir. 1955).

In this case, Plaintiff Rogers was never arrested. (See Complaint ¶27). In fact, Plaintiff claimed that he was restrained by school personnel while he was a student at Bloom Trail High School. (See Complaint ¶5, 12, 13, 58, 59). A student cannot establish as a matter of law that they were unlawfully restrained in a school environment for purposes of a false imprisonment claim because they never possessed freedom of movement within the school. *Bell v. Marseilles Elementary School District 150*, 2001 WL 818897 *5 (N.D. Ill. 2001).

In *Bell,* a student sued police officials and school officials with regard to a search conducted in the boys locker room at the high school. *Id.* at *2. The District Court granted the Defendant school officials motion for summary judgment on the false imprisonment count noting that the *Illinois School Code* mandates compulsory school attendance of children between the ages of seven and sixteen years. 105 ILCS 5/26-1.

The claim in this case is similar to the case in *Bell.* Specifically, school personnel were granted with the authority to determine where Plaintiff was to go while he was a student at the high school. Since Plaintiff was not free to be wherever he wanted within the school, he could not be unlawfully restrained by school personnel. Accordingly, he

fails to demonstrate a cause of action for false imprisonment as a matter of law and this count should be dismissed. Therefore, Count V should be dismissed as a matter of law.

D.    *Count VI of Plaintiff's complaint at law should be dismissed the Defendants have immunity and because Plaintiff was not arrested or unlawfully detained.*

1.    <u>The decision to restrain Plaintiff was discretionary policy decision.</u>

For the same reasons as discussed above in Section C1, the decision of Defendants to restrain Plaintiff was a discretionary policy decision. Specifically, they were balancing the safety needs of staff and other students against Plaintiff's rights to remain free from restraint. Moreover, there are no specific mandates which state when Plaintiff may be restrained or merely spoken to under State law. Accordingly, the Defendants decision to restrain Plaintiff was a discretionary policy decision. Therefore, Count VI should be dismissed as a matter of law.

2.    <u>Since Plaintiff was never arrested and his detention was not unlawful, he cannot state a claim for false arrest.</u>

In an action for false arrest, Plaintiff has the burden of proving a restraint or arrest, caused or procured by defendants without their having reasonable grounds to believe an offense is being committed by plaintiff. *Karow v. Student Inns, Inc.*, 43 Ill.App.3d 878, 882 (4th Dist. 1976). As discussed above in Section C2, there was no unlawful restraint of the Plaintiff. Moreover, Plaintiff was not arrested in this case. (See Comp. ¶27). Accordingly, Plaintiff fails to demonstrate a prima facie case of false arrest and Count V should be dismissed as a matter of law.

E.      *Count IV of Plaintiff's complaint should be dismissed because the battery was a discretionary policy decision of the Defendants.*

The Illinois Appellate Court has previously determined that the manner of removing an individual from a particular area is a discretionary policy decision within the scope of Section 2-201.  *Anderson v. Village of Forest Park,* 238 Ill.App.3d 83, 94 (1st Dist. 1992).  In *Anderson,* police officers entered Plaintiff's room, physically removed her from her bed and transported her to the hospital.  *Id.*  In affirming the circuit's courts granting of a motion to dismiss on her battery count, the Illinois Appellate Court determined that the manner of removing Plaintiff was a discretionary policy decision made by the police officers.

In this case, the decision to remove Plaintiff from an area where there was a disturbance with other students was a discretionary policy decision.  The manner in which the security officer chose to remove Plaintiff was an exercise of discretion in order to balance the needs of removing Plaintiff and securing the safety of all staff and students.  Moreover, it was discretionary because there were not set of rules dictating the manner in which Plaintiff was to be removed.  Accordingly, the manner in which Plaintiff was removed was a discretionary policy decision of the security guard and is entitled to immunity under Section 2-201.  Therefore, Count IV should be dismissed as a matter of law.

F.      *Plaintiff's complaints against "Unknown Security Officers" are invalid as a matter of law.*

Federal Rule of Civil Procedure 10(a) states that, "in the complaint the title of the action shall include the name of all parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."

Fed.R.Civ.Pro. 10(a).   In fact, it has previously been held that claims filed against unknown parties are "meaningless and uncompensable."  *See Collier v. Rodriguez,* 1996 WL 535326 at *4 (N.D. Ill. 1996); *Glover v. Village of Oak Lawn*, 2000 WL 1847599 at *2 (N.D. Ill. 2000).  In fact the Seventh Circuit Court of Appeals has held that the court lacks jurisdiction over defendants designated as "unknown subjects and party(s)" because those parties have not been properly named or served.  *United States ex. rel. Lee v. Illinois*, 343 F.2d 120, 121 (7th Cir. 1965).

In this case, Plaintiff has not properly named or served those individuals who he claims are "Unknown Security Officers" in violation of Federal Rule of Civil Procedure 10(a).  Plaintiff has failed to identify or serve these individuals who he claimed violated his civil rights and committed other state law violations.  Accordingly, he has not adequately stated a claim against these individuals since they have not been properly named or properly served.  Therefore, the Court does not have jurisdiction over these individuals and the counts against them should be dismissed.

WHEREFORE, Defendants BOARD OF EDUCATION OF BLOOM TOWNSHIP HIGH SCHOOL DISTRICT 206 and CECIL COOK pray that this Honorable Court grant their motion to dismiss and grant them any further relief that the Court deems just and equitable.

Respectfully submitted,

BOARD OF EDUCATION OF BLOOM TOWNSHIP HIGH SCHOOL DISTRICT 206 and CECIL COOK

By:    /s/ William F. Gleason
       WILLIAM F. GLEASON

CHRISTOPHER L. PETRARCA
WILLIAM F. GLEASON
HAUSER, IZZO, DeTELLA & PETRARCA, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708)799-6766