IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERNEST ZACHERY ROGERS, by and through his mother and best friend, LATONIA ROGERS, ) ) ) | |
| Plaintiff, ) ) | Case No. 08 C 2270 |
| v. ) ) ) | Judge Andersen |
| Chicago Police Officer CECIL COOK, Unknown Number of Unnamed Security Guard Employees of School District 206, GLENN GIANNETTI, RON RAY, FRANK KUZNIEWSKI, JAN KIEDAISCH, and SCHOOL DISTRICT 206, ) ) ) ) ) ) ) ) | Magistrate Judge Cole |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

NOW COMES the Plaintiff, Earnest Zachary Rogers, by and through his mother and best friend, Latonia Rogers, and hereby opposes Defendants' Motion to Dismiss. In support of such opposition, Plaintiff states as follows:

**INTRODUCTION**

Defendants brought a 12(b)(6) motion to dismiss Counts IV, V, VI, and VII (the state law claims) of Plaintiff's Complaint, arguing that the Defendants are immune from liability under the Illinois Tort Immunity Act. Defendants' motion is inappropriate. Motions to dismiss only concern the allegations as contained in the complaint: whether the plaintiff has stated a claim upon which relief may be granted. Therefore, affirmative defenses are an inappropriate basis for a dismissal under Federal Rule of Civil Procedure 12(b)(6), as they do not undercut the adequacy of the claims. The only rare instance in which the court should grant a motion to dismiss on the

basis of an affirmative defense is if the plaintiff has "plead himself out of court" by admitting all of the elements of an impenetrable defense.

In this case, Defendants do not contend that Plaintiff has failed to state a claim upon which relief may be granted. Rather, Defendants contend that they are entitled to immunity. This is an affirmative defense, and a 12(b)(6) motion to dismiss can only be granted on this basis if the plaintiff has admitted all elements of an immunity defense in his complaint. Plaintiff has not done so here, and Defendants do not argue to the contrary; thus, Plaintiff has not "plead himself out of court."

Therefore, for these reasons and those stated below, Defendants' Motion to Dismiss should be denied in its entirety. However, assuming *arguendo*, should the Court find otherwise, Plaintiff requests that the court make such dismissals without prejudice and grant Plaintiff leave to file an amended complaint consistent with the Court's findings.

## FACTS ALLEGED IN PLAINTIFF'S COMPLAINT

Plaintiff, Ernest Zachary Rogers, a student at Bloom Trail High School, was in the school hallway following a fight between two students (he was not involved) on February 7, 2008, when Defendant Cook, a school security guard and off-duty police officer, pushed Rogers through a glass door. Pl. Comp. ¶¶ 12, 13, and 15. There was no reason to push Rogers through the glass door, and Rogers did not consent to Defendant Cook's conduct. Id. at ¶ 16. As a result of being pushed through the glass door, Rogers suffered physical injuries for which he received medical treatment. Id. at ¶¶ 17, 28. Rogers alleges, upon information and belief, that Defendant Cook has a history of pushing students through glass doors and attempting to strangle students restrained in handcuffs. Rogers further alleges, on information and belief, that the school was aware of this history on and before February 7, 2008. Id. at ¶¶ 18-19.

After pushing Rogers through the glass door, Defendant Cook and other school security guards handcuffed, arrested, and detained Rogers in the principal's office. Id. at ¶¶ 21-22. There was no legal cause to seize and detain Rogers, and he did not consent to being seized or detained. Id. at ¶¶ 24-25. While in the principal's office, Rogers was physically restrained and unable to leave the confines of the office. Id. at ¶ 23. During this time, the Steger police arrived on the scene and requested that Rogers be taken to the hospital in an ambulance to be treated for the injuries caused by Defendant Cook. Id. at 28. Rogers complied with the Steger police officers' requests. Id. at ¶ 28.

Thereafter, Rogers was suspended from school for five days for alleged insubordination (a false accusation) without being afforded an opportunity to be heard, informally or otherwise, prior to the issuance of his suspension. Id. at ¶¶ 29-30. Additionally, Rogers was not provided with an opportunity, despite his request, to view existing video footage of the alleged incident of insubordination prior to the issuance of his suspension. Id. at ¶ 34.

As a result of the acts described above, Rogers brought the following counts: (1) against Defendant Cook for excessive force under § 1983; (2) against Defendants Cook and unknown security guards for false arrest under § 1983; (3) against school personnel for violation of due process rights under § 1983; (4) against Defendants Cook and School District 206 for assault and battery and willful and wanton conduct; (5) against Defendants Cook, unknown security guards, and School District 206 for false imprisonment; (6) against Defendants Cook, unknown security guards, and School District 206 for false arrest; and (7) against School District 206 for negligent retention and supervision. Defendants only move to dismiss the state supplemental claims found in Counts IV-VII. Defendants have answered Counts I-III brought under § 1983.

**RULE 12(B)(6) STANDARD OF REVIEW**

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *McMillan v. Collection Pof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "Dismissal is warranted only if 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Brown v. City of Chicago*, 2007 WL 601840 (N.D. Ill. 2007), *citing Conley v. Gibson*, 355 U.S. 41 (1957). "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001)(citations omitted).

In making its determination, the Court must keep in mind that the "issue is not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Pickrel v. City of Springfield,* 45 F.3d 1115, 1118 (7th Cir. 1995)(quoting *Scheuer v. Rhodes,* 416 U.S. 232 (1974)).

In reviewing a motion to dismiss, the court should remember that a complaint need not set forth all relevant facts or recite the law. The Federal Rules of Civil Procedure only require that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.Pro. 8(a)(2); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). The rule requires a plaintiff to allege no more than the bare minimum necessary to put the defendant on notice of the claim. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002)(citations omitted). Moreover, a plaintiff in a suit in federal court need not plead facts; conclusions may be

plead as long as the defendant has at least minimal notice of the claim. Fed.R.Civ.P. 8(a)(2); *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995). The Seventh Circuit recently set forth and reiterated the federal pleading requirements in *Simpson v. Nickel*, 450 F.3d 303 (7th Cir. 2006):

> One pleads 'claims' (which is to say, grievances) rather than legal theories and factual specifics. (citations omitted). The Supreme Court drove the point home in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152, L.E.2d 1 (2002), holding that plaintiffs need to allege either the factual or legal 'elements' of a prima facie case under the employment-discrimination laws. That conclusion is equally applicable to every other federal claim. It is why '[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain…' should stop and thing: What rule of law *requires* a complaint to contain that allegation? (citation omitted) (emphasis in original). It is also why '[a]ny decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed.R.Civ.P 9(b).' (citation omitted). . . . [Plaintiff's] grievance was set out clearly enough to put the defendants on notice; no more is required. What is more, an obligation to allege some matter in a complaint does not entail an obligation to 'establish' that issue at the pleading stage; support of one's allegations comes later, in response to a motion for summary judgment or at trial. . . Facts need not be 'established' or even alleged (fact-pleading is unnecessary); a plaintiff receives the benefit of any fact that could be established later consistent with the complaint's allegations. (citations omitted).

Therefore, to defend against a motion to dismiss a plaintiff may allege facts in its brief in opposition to the motion so long as the facts are consistent with the Complaint. *Morgan v. Eichler*, 1999 WL 756064, *2 (N.D.Ill.) (J., Hibbler).

In addition, this court has reiterated that pleadings, and particularly those addressing knowledge and belief, are to be liberally viewed. *Brown*, 398 F.3d at 914. The *Brown* court criticized the lower court for misstating the plaintiff's burden and for attempting to heighten the 12(b)(6) pleading standard to a summary judgment standard under 56(e):

5

> "Defendants' arguments…are replete with reference to what Brown failed to 'show' or 'establish.' Such use of the language of summary judgment in disposing of a motion under Rule 12(b)(6) is incompatible with the liberal notice pleading requirements of Rule 8. At this stage of the litigation, we are concerned not with what plaintiff did or did not show, but rather with what plaintiff did or did not allege." *Id*.

### AFFIRMATIVE DEFENSES ARE AN INAPPROPRIATE BASIS FOR DISMISSAL UNDER 12(b)(6)

The entirety of Defendants' 12(b)(6) motion relies on affirmative defenses provided in the Illinois Tort Immunity Act. *See Lonzo v. City of Chicago*, 461 F.Supp.2d 661, 664 (N.D. Ill. 2006). Affirmative defenses are ordinarily "an inappropriate basis for dismissal under Rule 12(b)(6), since such defenses do not undercut the adequacy of the claim." *Gomez v. Town of Cicero*, 2008 WL 506143 at *5 (N.D. Ill. 2008), citing *Deckard v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002). Thus, dismissal is only permitted "where the allegations of the complaint set forth everything necessary to demonstrate the affirmative defense." *Id.*, citing *U.S. v. Lewis*, 411 F.3d 838, 847 (7th Cir. 2005). Thus, the court may only grant a 12(b)(6) motion on an affirmative defense if "the validity of the defense be both apparent from the complaint itself, and unmistakable, so that the suit is fairly described as frivolous." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). In other words, to "plead himself out of court, a plaintiff's complaint must 'admit [] all the elements of an impenetrable defense.'" *Lonzo*, 461 F.Supp.2d at 664, quoting *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

For example, in *Gomez*, the court found that the complaint at issue did not "plead itself into the defense of immunity" because the complaint did not shed light on the individual defendants' authority to engage in decisions or the "scope of their discretion and policy in

making authority." *Gomez,* 2008 WL 506143 at *6. Therefore, the *Gomez* court found that a determination of the defendants' immunity under section 2-201 of the Tort Immunity Act was inappropriate for a motion to dismiss. *Id.*

To further illustrate, in *Allgood v. City of Chicago*, the Court found that the facts of the case had "yet to be fully developed" at the time of the motion to dismiss and accordingly that the plaintiff had sufficiently stated a claim in his complaint. *Allgood v. City of Chicago¸*2006 WL 26832302 *5 (N.D. Ill. 2006). Additionally, in *Stenson v. Town of Cicero*, the Court could not determine on a motion to dismiss whether the requirements of the Tort Immunity Act had been satisfied by the case and thus denied the defendant's motion to dismiss. *Stenson v. Town of Cicero*, 2005 WL 643334 *12 (N.D. Ill. 2005). Moreover, in *Atlas v. City of North Chicago*, the court found that at the pleading stage it could not say that the defendant's actions, as pled by the plaintiff, were made in the determination of policy or the exercise of discretion. *Atlas v. City of North Chicago*, 2004 WL 816456 *3 (N.D. Ill. 2004). The *Atlas* court explained that the defendants immunity defense was either premature or did not apply and that the defendants would be able to reassert their defense, if appropriate, through a motion for summary judgment when the record was more fully developed. *Id.*

## THE TORT IMMUNITY ACT STANDARD OF LAW

The Illinois Tort Immunity Act immunizes public employees whose positions involve "the determination of policy or the exercise of discretion" from liability for injuries resulting from those acts. 745 ILCS 10/2-201 (2002). Immunity under section 2-201 only applies to discretionary acts, not ministerial acts. *Trotter v. School Dist. 218*, 315 Ill.App.3d 1, 13 (2000). "Ministerial acts are those that a person performs on a given state of facts, in a prescribed manner, in obedience to the legal authority, and without reference to the official's discretion as

7

to the propriety of the act." *Id.* Discretionary acts are those which are unique to a public office and involve the use of discretion as to the propriety of the act. *Zinnermon v. City of Chicago Department of Police*, 209 F.Supp.2d 908, 911 (N.D. Ill. 2002). Policy decisions are those decisions which require the public employee to "'balance competing interests and to make a judgment call as to what solution will best serve each of those interests." *Moore v. Board of Education of City of Chicago*, 300 F.Supp.2d 641, 644 (N.D. Ill. 2004). However, in order to be immune, the public official's acts must be "both a determination of policy and an exercise of discretion." *Atlas v. City of North Chicago*, 2004 WL 816456 * 3 (N.D. Ill. 2004).

## DEFENDANTS' RULE 12(b)(6) MOTION IS INAPPROPRIATE AND SHOULD BE DENIED

The premise of Defendants' entire motion to dismiss is that the School District's employees, and accordingly the School District, are immune from liability under the Illinois Tort Immunity Act. In supporting their motion, Defendants introduce new and conflicting facts, elaborating on the job duties of each employee and citing to various cases and statutes to substantiate their contentions. This support is inappropriate for a motion to dismiss, as the motion is only supposed to deal with the allegations contained in the complaint and whether the allegations themselves state a claim upon which relief may be granted. *See Gibson*, 910 F.2d at 1520 (The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits.). Yet, despite this well known standard, Defendants fail to address the allegations in Plaintiff's complaint. In fact, Defendants do even argue that Plaintiff's complaint is deficient or that it fails to state a claim upon which relief may be granted. Rather, Defendants make a premature argument concerning an affirmative defense to liability. Such argument is appropriate for a motion for summary judgment, not a motion to dismiss. *See Gomez*, 2008 WL 506143 at

\*5 (Affirmative defenses are ordinarily "an inappropriate basis for dismissal under Rule 12(b)(6) since such defenses do not undercut the adequacy of the claim.").

As explained at length *supra*, the Court is only to consider the allegations within Plaintiff's complaint. That is why the courts of this circuit have routinely held that immunity defenses are inappropriate for motions to dismiss except in the rare circumstances where plaintiffs plead themselves out of court by admitting every element of an impenetrable defense. *See Lonzo*, 461 F.Supp.2d at 664. In the instant complaint, Plaintiff has not admitted that the individual defendants were making policy determinations and discretionary decisions as required for immunity under the Act. *See Atlas*, 2004 WL 816456 at \* 3. In fact, Plaintiff's complaint does not even address the issue. Thus, in accordance with the case law cited above, Rogers has not plead himself out of court. Moreover, given that the facts of this case have yet to be developed, the court lacks sufficient information to make a ruling on the affirmative defense. *See Stenson*, 2005 WL 643334 at \*12 (The court could not determine on a motion to dismiss whether the requirements of the Tort Immunity Act had been satisfied by the case and accordingly denied the defendant's motion to dismiss.) Therefore, the Defendants' motion to dismiss should be denied.

Additionally, given all inferences from the Complaint that should be drawn in Plaintiff's favor, there is a hypothetical set of facts which could entitle Plaintiff to a judgment in his favor. *See Sanville*, 266 F.3d at 732 ("[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under rule 12(b)(6) is inappropriate."). In short, the actions of the individual defendants could either not be a policy determination and/or a discretionary decision, which would defeat the immunity defense. But

9

this is a determination to be made at a later date. Thus, for these reasons and those set forth below, Defendants' Motion to Dismiss should be denied in its entirety.

**PLAINTIFF'S NEGLIGENT RETENTION AND SUPERVISION CLAIMS (COUNT VII) SHOULD NOT BE DISMISSED**

Plaintiff brought a negligent retention and supervision claim against the School District because, as alleged in the Complaint, the School District knew that Defendant Cook had a history of inflicting violence on students, including pushing students through glass doors and attempting to strangle students restrained in handcuffs. Plaintiff alleges that the School District was aware of this history yet chose to retain and chose to not supervise Defendant Cook in his duties. Pl. Compl. ¶¶ 18-20, 80-82.

Defendants contend that Plaintiff's negligent retention claims should be dismissed because the District is immune from liability under Section 2-201 of the Tort Immunity Act. Defendants argue that the decision to discharge an employee is discretionary because the Illinois School Code provides that only the Board of Education can hire or discharge a security guard. Defendants also argue that the decision to discharge an employee is a policy decision because the Board is required to balance the competing interests of students and staff.

However, in evaluating Defendants' motion to dismiss, the Court is not to consider facts that are outside of those included in Plaintiff's complaint; for instance, Defendants' concentration on what the Illinois School Code provides and/or what interests the Board balances when terminating an employee are facts outside of the complaint. The Court must only decide whether the Plaintiff has stated a claim upon which relief could be granted, and to do so, the court looks only at the complaint.

Plaintiff has alleged a claim for negligent retention upon which relief may be granted. "To state a cause of action for negligent hiring or retention, a plaintiff must allege that the

10

employer knew or should have known that the employee was unfit for the job and that the employee's unfitness created a foreseeable danger to others. " *Luss v. Village of Forest Park,* 377 Ill.App.3d 318, 335 (1st Dist. 2007). The complaint alleges that the School District was aware of Defendant Cook's prior uses of force against students and that Defendant Cook's prior uses of force against students created a foreseeable danger to the students. Pl. Compl. ¶¶ 77-81. Thus, Plaintiff has stated a claim upon which relief may be granted. Moreover, Plaintiff has not admitted any elements of the impenetrable defense of immunity; thus, Plaintiff has not plead himself out of court. Therefore, Defendants' motion to dismiss Count VII should be denied.

Defendants also contend that Plaintiff's negligent supervision claim should be denied because Plaintiff did not plead willful and wanton conduct. Defendants are incorrect in this assertion. In Count VII, Plaintiff states that the School District "failed to properly supervise" Defendant Cook. Id. at ¶ 80. Plaintiff does not limit this allegation to negligent conduct. Moreover, if Plaintiff can prove willful and wanton conduct, the School District's immunity defense is defeated. Thus, Count VII for negligent supervision should not be dismissed. However, assuming *arguendo,* the Court should agree with Defendant and find that Plaintiff has limited this count to negligence, Plaintiff requests that the Court grant Plaintiff leave to file an amended complaint alleging willful and wanton conduct on the part of Defendants.

### PLAINTIFF'S FALSE IMPRISONMENT (COUNT V) AND FALSE ARREST (COUNT VI) CLAIMS SHOULD NOT BE DISMISSED

Plaintiff alleges that, after he was thrown through a glass door by Defendant Cook, he was handcuffed, physically restrained, taken to the principal's office, confined in the office, and threatened by Defendant Cook and other unknown security guards. Pl. Compl. ¶¶ 20-25, 58-62, 67-70. Defendants argue that the decision to detain Plaintiff in the principal's office in handcuffs

11

without the freedom to leave was a discretionary policy decision because the school staff made a decision that is not mandated by law as to where to take Plaintiff after a disturbance at the school. (It is interesting to note that Defendants' argument completely ignores the fact that Plaintiff was not involved in the disturbance and that Plaintiff complied with all directives given to him.) However, Defendants again fail to show where Plaintiff's complaint is deficient. Plaintiff has alleged all elements of a false imprisonment and false arrest claim; Defendants do not argue otherwise. Moreover, Plaintiff has not admitted any facts showing that the school employees' actions were discretionary policy decisions. Thus, Plaintiff has not plead himself out of court. Rather, Defendant is relying upon facts that have not yet been established in this case, which is improper for a motion to dismiss.

Defendants also argue that Plaintiff cannot support a false imprisonment or false arrest claim because Plaintiff was not arrested. This argument is lacking in two respects. First, Plaintiff does not have to support any facts in his complaint. Plaintiff merely has to allege facts which, if proven, could support a claim for relief. Plaintiff has done so because he has alleged that he was arrested. Pl. Compl. ¶¶ 21, 24, and 25. Plaintiff has met his pleading requirements, and nothing more is required.

Second, Plaintiff was in fact arrested by Defendant Cook and the unknown security guards because a reasonable innocent man would believe he was arrested if he was handcuffed by a police officer (Defendant Cook also serves as a school security guard when off duty) and confined in a small area of authority (the principal's office) where he was not free to leave. Id. at ¶ 59; *see People v. Jackson*, 149 Ill.App.3d 156, 158 (1st Dist. 1986) (The standard for determining an arrest is what a reasonable man innocent of any crime would have thought had he been in the arrestees' position.) Thus, Counts V and VI should not be dismissed.

12

## PLAINTIFF'S ASSAULT AND BATTERY CLAIM (COUNT IV) SHOULD NOT BE DISMISSED

In Count IV of Plaintiff's complaint, Plaintiff alleges that he was assaulted and battered when he was pushed through a glass door by Defendant Cook.  Pl. Compl. ¶¶ 14-17, 52-54.  Defendants fail to address this allegation in their motion to dismiss; instead, Defendants misstate Plaintiff's allegation as a physical removal of Plaintiff to the principal's office.  This is not Plaintiff's allegation.  Thus, Defendants' contentions concerning a discretionary policy decision as to where to take Plaintiff after a disturbance are not applicable.  Plaintiff has alleged the elements of a battery claim by alleging that Defendant Cook pushed Plaintiff through a glass door without his consent and that Plaintiff suffered injuries as a proximate result of Defendant Cook's conduct.  Id.  Defendants do not argue to the contrary.  Therefore, Defendant's motion to dismiss should be denied as to Count IV.

## PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND HIS COMPLAINT TO INCLUDE THE IDENTITIES OF THE UNKNOWN SECURITY GUARDS ONCE SUCH IDENTITIES ARE OBTAINED THROUGH DISCOVERY

Defendants argue that the claims against the unknown security guards should be dismissed because they have not yet been identified and served.  Plaintiff plans to seek leave to amend his complaint at such time that the unknown security guards' identities are ascertained, which should be through Defendants' 26(a) disclosures, or at the latest, Defendants' answers to interrogatories.  Should the Court find it necessary to dismiss these officers from the Complaint at present, Plaintiff requests that the Court do so without prejudice so that Plaintiff can seek leave from the Court to file an amended complaint at the time that the identities of the unknown security guards are obtained.

## CONCLUSION

For the reasons stated above, Plaintiff submits that Defendants' Motion to Dismiss should be denied in its entirety. However, if the Court should grant Defendant's Motion to Dismiss in its entirety or in part, Plaintiff requests that the Court do so without prejudice and grant Plaintiff leave to file an amended complaint consistent with the Court's findings.

Respectfully submitted,

s/Meghan A. Gonnissen
Meghan A. Gonnissen
Ed Fox & Associates
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
mgonnissen@efox-law.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERNEST ZACHERY ROGERS, by and through his mother and best friend, LATONIA ROGERS, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 C 2270 |
| v. | ) ) ) | Judge Andersen |
| Chicago Police Officer CECIL COOK, Unknown Number of Unnamed Security Guard Employees of School District 206, GLENN GIANNETTI, RON RAY, FRANK KUZNIEWSKI, JAN KIEDAISCH, and SCHOOL DISTRICT 206, | ) ) ) ) ) ) ) | Magistrate Judge Cole |
| Defendants. | ) | |

## NOTICE OF FILING

To:  **William F Gleason**
     **Christopher L. Petrarca**
     Hauser, Izzo, DeTella & Petrarca, LLC
     19730 Governors Highway
     Suite 10
     Flossmoor, IL 60422

**PLEASE TAKE NOTICE** that on August 22, 2008, the undersigned filed with the Clerk of this Court, **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**, service of which is being made upon you.

s/Meghan A. Gonnissen
Meghan A. Gonnissen
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877

## PROOF OF SERVICE

I, Meghan A. Gonnissen, an attorney, under penalty of perjury, and state that on August 22, 2008, service is being made in accordance with the General Order on Electronic Case Filing section XI.

s/Meghan A. Gonnissen
Meghan A. Gonnissen

15