IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST ZACHARY ROGERS, by and through his mother and best friend, LATONIA ROGERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 08 C 2270 |
| Chicago Police Officer CECIL COOK, Unknown Number of Unnamed Security Guard Employees of School District 206, GLENN GIANNETTI, RON RAY, FRANK KUZNIEWSKI, JAN KIEDAISCH, and SCHOOL DISTRICT 206, | ) ) ) ) ) ) | Judge Andersen |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

NOW COME Defendants, BOARD OF EDUCATION OF BLOOM TOWNSHIP HIGH SCHOOL DISTRICT 206 and CECIL COOK, by and through their attorneys, HAUSER, IZZO, DeTELLA & PETRARCA, LLC, to present their Reply Brief in Support of their Motion to Dismiss.

**ARGUMENT**

A.   *Standard of Review*

Plaintiffs contend that Mr. Cook and the Board of Education cannot utilize the immunities set forth in the Tort Immunity Act because they have not plead sufficient facts to demonstrate that Defendant's immunity is applicable. However, Plaintiffs have included sufficient facts in their complaint to clearly demonstrate that the immunities provided in the Tort Immunity Act apply or that other defenses are applicable.

1

B.      *Plaintiffs' claim of negligent retention should be dismissed as a matter of law..*

Plaintiffs claim that Defendants cannot assert immunity pursuant to Section 2-201 of the Tort Immunity Act because there are not enough facts to demonstrate that the decision to discharge or retain Mr. Cook were discretionary policy decisions. (See Response Pgs. 10-11). However, there are sufficient facts to demonstrate both that this was a policy decision and a discretionary decision.

The decision to hire and retain a police officer is inherently a discretionary act to which Section 2-201 of the Tort Immunity Act provides for immunity for the person or entity determining whether to discharge or retain an employee. *Sanchez v. Town of Cicero,* 2007 WL 844588 *4, (N.D. Ill. 2007, Andersen). In *Sanchez,* the Plaintiff plead that the Town of Cicero negligently hired and retained a police officer and knowingly allowed him to pose a danger to Plaintiff. *Id.* at *2. The Court granted the Defendant's motion to dismiss finding that Section 2-201 of the Tort Immunity Act applied on its face to allegations of negligent retention. *Id.* at *4; *See also, Alicia B. v. Sperlik*, 2005 WL 3299835 (N.D. Ill. 2005, Hibbler)(Granting Defendant's Rule 12(b)(6) motion to Plaintiff's claim of negligent retention pursuant to Section 2-201 of the Tort Immunity Act); *U.S. Bank v. Bd. of Ed. of East Maine Sch. Dist. 63*, 2007 WL 1455782. (N.D. Ill. 2007, Der-Yeghiayan).

In this case, it is clear from the terms of the Illinois School Code that only the Board of Education is permitted to discharge Mr. Cook and that such decision is discretionary. 105 ILCS 5/10-22.34; *Johnson v. Mers*, 279 Ill.App.3d 372, 380 (2nd Dist. 1996). The discretion as to who may discharge Mr. Cook is a finding of law and is not a fact which Plaintiffs must plead. Moreover, the Plaintiffs plead that the Board of

Education committed the tort of negligent retention by failing to discharge Mr. Cook. (Comp. ¶80). It is axiomatic that if the Board of Education is liable for failing to discharge Mr. Cook, it had the authority to do so. In either case, as a matter of law, the decision to discharge an employee by the Board of Education is a discretionary decision.

Moreover, the Illinois Appellate Court has already determined that the decision to discharge an employee require a use of judgment which balances competing interests. *Cross v. City of Chicago,* 352 Ill.App.3d 1, 7 (1st Dist. 2004). Plaintiffs allege in their complaint that the Defendant Board of Education knew about Defendant Cook's unfitness to be a security guard and, despite this knowledge, retained him as an employee. (Comp. ¶80). This allegation clearly demonstrates that the Board of Education was required to determine whether Mr. Cook's unfitness warranted his discharge. The decision to retain Mr. Cook therefore inherently required the Board of Education to weigh the risks of Mr. Cook continuing his employment against the risks he allegedly posed to the students. As such, it is a policy determination by the Board of Education.

Since the decision to discharge or retain Mr. Cook was a discretionary policy decision, the decision of the Board of Education regarding his retention is entitled to immunity under the Tort Immunity Act. As such, the Defendant's Motion to Dismiss Plaintiff's claim of negligent retention should be granted.

C.   *Plaintiffs' negligent supervision claim must be dismissed as a matter of law.*

Plaintiffs argue that they did not plead that the supervision of Mr. Cook was negligent. (See Resp. Brief ¶11). However, the caption of Plaintiffs' Count states it is against the School District for "Negligent Retention and Supervision". This statement

alone completely contradicts Plaintiff's contention and establishes that the conduct regarding supervision was only alleged to be negligent making it subject to dismissal under Section 3-108 of the Tort Immunity Act.  745 ILCS 10/3-108.

Moreover, the sole allegation regarding the supervision was that the Board of Education "failed to properly supervise".  These facts even taken as true do not sound in willful and wanton conduct.  Willful and wanton conduct requires conduct on the part of the Board of Education which demonstrates a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property.  745 ILCS 10/1-210.  Taken the facts alleged as true, the failure to properly supervise standing alone is insufficient to demonstrate willful and wanton conduct.  As such, the Board of Education's Motion to Dismiss Plaintiff's claim of negligent supervision should be granted.

D.   *Plaintiffs' claims of false imprisonment and false arrest should be dismissed as a matter of law.*

In order to demonstrate false imprisonment, the Plaintiff is required to demonstrate an unlawful detention, restraint or confinement.  *Martin v. Lincoln Park West Corp.*, 219 F.2d 622, 624 (7th Cir. 1955).  Moreover, in order to demonstrate false arrest, the Plaintiff must demonstrate the unlawful restraint of an individual's personal liberty.  *Bentley v. City of Chicago*, 79 Ill.App.3d 1028, 1033 (1st Dist. 1979).  Students do not possess freedom of movement within the school because school personnel possess power over students and school personnel are permitted a degree of supervision and control that cannot be exercised over free adults.  *Bell v. Marseilles Elementary School Dist. 150,* 2001 WL 818897 (N.D. Ill. 2001, Conlon).

4

In this case, Plaintiffs plead that Rogers was a student at Bloom Trail High School. (Comp. ¶3). They further claim that Rogers was present on school grounds on February 7, 2008. (Comp. ¶12). They also claim that an employee of the Board of Education, Mr. Cook and other employees restrained him and brought him to the Principal's office. (Comp. ¶21-23).

It is clear, based upon the holding of *Bell,* that Plaintiffs cannot maintain a cause of action against the Board of Education or Mr. Cook for false arrest or false imprisonment because they cannot show an unlawful restraint. Since Plaintiff was a student of Bloom Trail and was present at school, he did not have the freedom to move freely as he wished in the school. Rather, the employees of the school are permitted to dictate to him where he is or is not permitted to move. As such, under no circumstances, could the restraint be "unlawful" as required to establish either false arrest or false imprisonment. Accordingly, since Plaintiff cannot show an unlawful restraint as a matter of law, his claims for false arrest and false imprisonment must fail.

E. *Plaintiffs' battery count should be dismissed because the use of force by Mr. Cook was a discretionary policy decision.*

The decision to remove a person from a scene and the method of doing so are discretionary policy decisions of public employees. *Anderson v. Village of Forest Park*, 238 Ill.App.3d 83, 94 (1st Dist. 1992). In this case, Plaintiff alleges that he was a student in the hallway where a fight between two students was broken up. (Comp. ¶3). He then claims that Officer Cook pushed him through a glass door from his spot in the hallway. (Comp. ¶15). These actions constituted Officer Cook's attempts to remove Plaintiff from the area as demonstrated by the complaint. For the same reasons as the Illinois Appellate Court found in *Anderson*, the decision of Officer Cook to remove Plaintiff from the area

5

and the method which he undertook to accomplish this task were discretionary policy decisions. Accordingly, Defendant's Motion to Dismiss Plaintiffs' battery count should be granted.

WHEREFORE, Defendants pray that this Honorable Court grant their Motion to Dismiss and grant them any further relief that the Court deems just and necessary.

                                         Respectfully submitted,

                                         BOARD OF EDUCATION OF BLOOM TOWNSHIP HIGH SCHOOL DISTRICT 206 and CECIL COOK

                              By:   /s/ William F. Gleason
                                        WILLIAM F. GLEASON

CHRISTOHPER L. PETRARCA
WILLIAM F. GLEASON
SRAGA HAUSER, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708)799-6766

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST ZACHARY ROGERS, by and through his mother and best friend, LATONIA ROGERS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 2270 |
| Chicago Police Officer CECIL COOK, Unknown Number of Unnamed Security Guard Employees of School District 206, GLENN GIANNETTI, RON RAY, FRANK KUZNIEWSKI, JAN KIEDAISCH SCHOOL DISTRICT 206, | ) ) ) ) ) ) ) | Judge Andersen |
| Defendants. | ) | |

**<u>NOTICE OF FILING</u>**

To:   Meghan Gonnissen
      Ed Fox & Associates
      300 W. Adams, Suite 330
      Chicago, IL 60606

     PLEASE TAKE NOTICE that I caused a copy of Defendants' Reply Brief in Support of Its Motion to Dismiss to be filed with the Clerk of the United States District Court for the Northern District of Illinois – Eastern Division on September 5, 2008.

                                               /s/ William F. Gleason
                                               WILLIAM F. GLEASON

**CERTIFICATE OF SERVICE**

      I, WILLIAM F. GLEASON, certify that a copy of this Notice and the document referred to therein was served upon the above listed party via email through the Case Management/Electronic Case Filing System in accordance with Local Rule 5.9 on September 5, 2008.

                                              /s/ William F. Gleason
                                              WILLIAM F. GLEASON

CHRISTOPHER L. PETRARCA
WILLIAM F. GLEASON
SRAGA HAUSER, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708)799-6766

5G:\DISTRICTS\SD2\SD206C\Rogers\nof.cs.2.doc