# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERNEST ZACHARY ROGERS, by and through his mother and best friend, LATONIA ROGERS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 08 C 2270 |
| CECIL COOK, Unknown Number of Unnamed Security Guard Employees of School District 206, GLENN GIANNETTI, RON RAY, FRANK KUZNIEWSKI, JAN KIEDAISCH and SCHOOL DISTRICT 206, | ) ) ) ) ) ) ) ) Wayne R. Andersen |
| Defendants. | ) District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendants, Board of Education of Bloom Township High School District 206 and Cecil Cook to dismiss Counts IV, V, VI and VII of the complaint, as well as Count II with respect to the unnamed security guards, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part. We grant defendants' motion to dismiss the unnamed security guards from Count II without prejudice and give plaintiff leave to file an amended complaint identifying the identities of the unknown security guards. We also grant defendants' motion with respect to Counts V and VI. Counts V and VI are hereby dismissed in their entirety with prejudice. Furthermore, we grant defendants' motion with respect to the negligent retention claim in Count VII. Finally, we deny defendants' motion to dismiss with respect to Counts IV and the negligent supervision claim in Count VII.

**BACKGROUND**

Plaintiff Ernest Rogers, by and through his mother and best friend, Latonia Rogers, filed a seven count complaint before this court on April 21, 2008. The defendants in this case are Cecil Cook, a security guard at Bloom Trial High School ("BTHS"), as well as other unnamed security guards employed at BTHS, School District 206, and several administrators of School District 206, namely Superintendent Glenn Giannetii, Principal Ron Ray, Assistant Principal Frank Kuzniewski, and Dean of Students, Jan Kiedaisch. The allegations relate to an incident that occurred at BTHS in Chicago Heights, Illinois on February 7, 2008. Rogers alleges that a fight occurred in the hallway of BTHS, where he is a student, on February 7, 2008, and that he was not involved in the fight, but was present in the hallway at the time it occurred. Rogers further alleges that after the fight occurred, defendant Cook pushed Rogers through a glass door and then handcuffed him and took him to the principal's office. The complaint also alleges that Rogers was detained in the principal's office while in handcuffs, and that he was ultimately suspended from school for five days. Furthermore, once Rogers returned to school after serving his suspension, he alleges that defendants Ray, Kuzniewski and Kiedaisch forced him to sign a behavior contract.

Based on the series of events alleged above, Rogers alleges several claims against the defendants: 1) Count I alleges that defendant Cook violated 42 U.S.C. § 1983 by depriving him of his rights under the Fourth Amendment; 2) Count II asserts a false arrest claim against Cook and the unnamed security guards; 3) Count III alleges that defendants Giannetti, Ray, Kuzniewski and Kiedaisch violated his due process rights by suspending him without notice, without the opportunity to be heard, and without a reasonable basis; 4) in Count IV Rogers asserts assault and battery claims against defendants Cook and School District 206 through

respondeat superior; 5) Count V asserts a false imprisonment claim against defendants Cook, unnamed security guards, and School District 206; 6) in Count VI Rogers asserts a false arrest claim against defendants Cook, unnamed security guards and School District 206; and 7) Count VII asserts negligent retention and negligent supervision claims against School District 206 for its alleged negligent retention and supervision of defendant Cook. We now turn to defendants' motion to dismiss Counts IV, V, VI and VII and Count II with respect to the unnamed security guards.

## STANDARD OF REVIEW

For a Rule 12(b)(6) motion to dismiss, a complaint will not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim entitling him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1219 (7th Cir. 1994). All well-pleaded facts will be taken as true and all reasonable inferences shall be drawn in the plaintiff's favor. *See Cole v. U.S. Capital*, 389 F.3d 719, 724 (7th Cir. 2004).

## DISCUSSION

### I.  Count II: Unnamed Security Guards are Dismissed Without Prejudice

As an initial matter, Rogers' claim against "unnamed security guards" for false arrest in Count II is dismissed without prejudice. Such a claim is improper as it currently stands because the security guards have not been served and this court does not have jurisdiction over them. With respect to Count II, Rogers is given leave to amend his complaint and identify the identities of the unnamed security guards

### II.  Count IV: Assault and Battery

Count IV alleges assault and battery against defendant Cook and School District 206

through respondeat superior based on the allegations that Cook pushed Rogers through a glass door and subjected him to unnecessary and unreasonable force. Defendants also move to dismiss Count IV on the grounds that they are immune under Section 2-201 of the Local Governmental and Governmental Employees Act ("the Act"), which is explained in more detail in Section III *infra*. However, defendants' motion must be denied on this count. First, it is unclear whether Cook is entitled to the same immunity as the school district because in order for Cook to receive immunity under the Act, we must determine that his alleged pushing of Rogers through a glass door was a discretionary policy decision. *See* Section III *infra*. However, whether or not Cook is entitled to immunity is irrelevant at this time because the Act provides an exception to the grant of immunity if the defendants' act "constitutes willful and wanton conduct." 745 ILCS 10/2-202. Although we do not make a determination today with respect to whether the conduct was in fact willful and wanton, we believe that Rogers has pled sufficient facts that, if proved, could be considered willful and wanton. *See Thurman v. Vill. of Hazel Crest*, 570 F. Supp. 2d 1019, 1028-29 (N.D. Ill. 2008)(declining to grant summary judgment in favor of the defendants when it was unclear whether the defendants were immune from the assault and battery claims because there was a dispute regarding whether or not defendants' conduct was willful and wanton). Accordingly, Rogers has stated a cause of action for assault and battery against Cook and the school district through respondeat superior. Therefore, defendants' motion to dismiss is denied as to Count IV of the complaint.

### III. Count V: False Imprisonment

In Count V, Rogers brings a claim for false imprisonment against Cook, unnamed security guards and School District 206. He alleges that he was falsely imprisoned when he was allegedly brought to the principal's office after the fight occurred and detained there in handcuffs

for a period of time. However, School District 206 is immune from liability for false imprisonment under the Local Governmental and Governmental Employees Tort Immunity Act ("the Act"). The Act protects public entities and their employees from liability arising out of the operation of government. 745 ILCS 10/1-1011 (2008). A board of education is a local public entity pursuant to the Act. 745 ILCS 10/1-206. The Act provides that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission." 745 ILCS 10/2-201. A policy decision is one that requires the public entity or employee to balance competing interests and make a judgment call as to what solution will best serve each of those interests. *Harinek v. 161 North Clark St. Ltd. Partnership*, 181 Ill.2d 335, 341, 692 N.E.2d 1177 (1998). Furthermore, discretionary, as opposed to ministerial, acts are those which are unique to a public office and involve the use of discretion as to the propriety of the act. *Barnes v. Chicago Housing Authority*, 326 Ill.App.3d 710, 719-20, 761 N.E.2d 283, 290 (1st Dist. 2001). The decision to bring Rogers to the principal's office was a discretionary policy decision. *See Albers v. Breen*, 346 Ill.App.3d 799, 808 (4th Dist. 2004)(a school principal's manner of dealing with a disciplinary manner was a discretionary policy decision because the principal had to balance various competing interests and make a judgment call to balance those interests). Therefore, the school district is immune from suit under the Act.

Furthermore, Rogers' false imprisonment claim against Cook and the unnamed security guards cannot go forward either. "False imprisonment is an unreasonable restraint of an individual's liberty, against his will, caused or procured by the defendant." *Meerbrey v. Marshall Field and Co.*, 139 Ill.2d 455, 564 N.E.2d 1222, 1231 (1990). In order to establish a cause of action for false imprisonment Rogers must show that he was "restrained or arrested by

Defendants and that Defendants acted without having reasonable grounds to believe that [he] committed an offense." *Wilson v. Cahokia Sch. Dist. 3187*, No. 05-297-GPM, 2005 U.S. Dist. LEXIS 22652, at *5 (S.D. Ill. Sept. 29, 2005)(citing *Meerbrey*, 564 N.E.2d at 1231)). However, Rogers "could never show that [he] was unlawfully restrained because [he] never possessed freedom of movement within the school." *Wilson*, 2005 U.S. Dist. LEXIS 22652, at *5; *Bell v. Marseilles Elem. Sch. Dist. 150*, No. 00 C 2553, 2001 U.S. Dist. LEXIS 2367, at *15 n.6 (N.D. Ill. Mar. 6, 2001); *see also Roger C. V. Valley View Pub. Sch. Dist. #365-U*, No. 08 C 1254, 2008 U.S. Dist. LEXIS 48729, at*10-11 (N.D. Ill. June 23, 2008) (indicating that when allegations, like this one, are based on Illinois common law, as opposed to the Fourth Amendment, schools are exempt from common law tort liability). Accordingly, Rogers could not bring a cause of action for false imprisonment based on his detention in the principal's office. Although Rogers might have a cause of action because he alleges that he was not merely detained in the principal's office, but was also placed in handcuffs, Rogers has also filed excessive force and false arrest claims (Counts I and II), which are not subjects of the instant motion to dismiss and cover such alleged action.

Finally, although there is an exception to the grant of immunity under the Act (which may or may not apply to Cook, as discussed in Section II *supra*) if the conduct was willful and wanton, there is no evidence of any willful and wanton conduct here. Furthermore, if we were to determine that the school district and Cook could be held liable for such action, that would mean "every 'student escorted to the office for investigation of a disciplinary matter would have a claim for false imprisonment if that student was ultimately exonerated from discipline.'" *Oliver by Hines v. McClung*, 919 F.Supp. 1206, 1219 (N.D. Ind. 1995).

Accordingly, Rogers' claim for false imprisonment, Count V, is dismissed in its entirety.

## IV. Count VI: False Arrest

Defendants' motion to dismiss is also granted with respect to Count VI. In Count VI Rogers purports to make a claim for false arrest. However, Rogers also alleges false arrest in Count II of the complaint. Although Count VI adds the school district as a defendant in this claim (whereas Count II is only against Cook and the unnamed security guards), the school district would be immune from this claim for the reasons stated above, so this claim does not actually add anything to the allegations in Count II. Furthermore, the allegations in Count VI are virtually identical to the allegations in Count V for false imprisonment, save for a few words, and the last sentence of Count VI even alleges that the defendants are liable to Rogers for "false imprisonment." Accordingly, because Count VI simply duplicates the allegations of Count II and Count V, it is hereby dismissed.

## V. Count VII

Count VII of Rogers' complaint asserts a claim against School District 206 for negligent retention and negligent supervision of defendant Cook. For the following reasons, the defendants' motion to dismiss with respect to the negligent retention claim is granted, but the motion to dismiss with respect to the negligent supervision is denied.

### A. Negligent Retention

First, Rogers argues that it was negligent for the school district to retain Cook as a security guard at the school because of his alleged past history of violence towards students. Defendants argue that this negligent retention claim should be dismissed because School District 206 is immune from liability for negligent retention under the Act, as discussed in Section III *supra*.

Plaintiff's claim for negligent retention of Cook is a tort that is subject to the provisions of the Act. More specifically, because decisions regarding the hiring and firing of employees are

considered discretionary policy decisions within the meaning of Section 2-201, the Act provides immunity to government supervisors when they hire and fire public employees. *Hanania v. Loren-Maltese*, 319 F.Supp.2d 814, 836 (N.D. Ill. 2004); *Hartman v. Lisle Park Dist.*, 158 F.Supp.2d 869, 877 (N.D. Ill. 2001); *Johnson v. Mers*, 279 Ill. App. 3d 372, 380, 664 N.E.2d 668, 675 (2d Dist. 1996). Additionally, Section 2-201 of the Act provides no exception to immunity for willful and wanton conduct, but states that public employees are not liable for policy decisions that involve the exercise of discretion even if that discretion is abused. *Barnes*, 761 N.E.2d at 290. Therefore, School District 206 is not liable to Rogers for its alleged negligent retention of Cook.

### B. Negligent Supervision

Second, Rogers alleges that the school district was negligent in supervising Cook. Defendants argue that this claim is barred by Section 3-108 of the Act and that the school district is immune from suit under this provision of the Act. However, we do not believe that Section 3-108 applies to the facts of this case. Section 3-108 provides that "neither a local public entity nor a public employee who undertakes to supervise an activity on or the use of any public property is liable for the injury unless the local public entity or public employee is guilty of willful and wanton conduct in its supervision proximately causing such injury." 745 ILCS 10/3-108(a). Rogers does not allege that the school district was negligent in supervising an *activity*, but rather that it was negligent in supervising its employee, Cook. Furthermore, even if the Act did apply to the facts in this case, we believe that Rogers has pled sufficient facts to demonstrate that the school district's supervision of Cook may have constituted willful and wanton conduct. Rogers' allegations that Cook had a history of violent acts and that he used excessive violence against other students in this past, and that the school knew about this could, if proved, constitute willful

and wanton conduct on the party of the school district. *See Doe v. Dimovski*, 336 Ill. App. 3d 292, 299, 783 N.E.2d 193, 200 (2d Dist. 2003)(stating that "[t]o sufficiently plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff.").

Accordingly, because the school district is immune from suit for negligent retention, that aspect of Count VII is denied. However, Rogers may proceed on the negligent supervision claim in Count VII.

## **CONCLUSION**

For the foregoing reasons, defendants' partial motion to dismiss [20] is granted in part and denied in part.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: December 23, 2008